UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lisa M. Rivens,<br>    Plaintiff,<br><br>            v.<br><br>State of South Carolina and Horry County Department of Social Services,<br>    Defendants. | CASE NO.: 4:25-cv-12883-JD-KDW<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. The Plaintiff, Lisa M. Rivens, is a citizen of the State of South Carolina, and resides in Horry County, South Carolina.

3. The Defendant, State of South Carolina, upon information and belief, is a State government entity organized and operating under the laws of the State of South Carolina.

4. The Defendant, Horry County Department of Social Services, upon information and belief, is a governmental entity organized and operating under the laws of the State of South Carolina.

5. The Defendants are an industry that affects commerce within the meaning of the FMLA.

6. The Defendants are a "person" within the meaning of the FMLA.

7. The Defendants employ fifty (50) or more employees and is an "employer" within the meaning of the FMLA. The employer provided FMLA protections and benefits to its employees.

8. All employment practices alleged herein were committed within the State of South Carolina.

9. The Defendants operate a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

10. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

11. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. The Defendants adopted the Family and Medical Leave Act and offered it as a benefit to their employees.

13. On or about June 7, 2019, the Plaintiff began working for Defendants as a Family Preservation Case Manager. At all times during her employment, the Plaintiff was efficient and effective in her work.

14. During her employment, the Plaintiff was injured in an automobile wreck and suffered from a torn meniscus which constitutes a serious health condition as defined by the FMLA.

15. On or about November 15, 2023, the Plaintiff applied for FMLA due to her injury and need for surgery and rehabilitation.

16. On or about January 5, 2024, the Plaintiff returned to work but was still needing intermittent FMLA.

17. On or about February 7, 2024, the Plaintiff's treating physician sent Plaintiff's FMLA forms to Human Resources, Kelly Gasque. The Plaintiff's supervisor, Shelly, told the Plaintiff that she needed to get <u>ALL</u> her medical records turned in, which was not required under the Act, the Defendants only needed the forms filled out by a doctor.

18. On or about May 21, 2024, the Plaintiff was terminated for allegedly forwarding work emails to her personal email, and any reason given was pretextual in nature and was in reality, retaliation for taking leave under the FMLA.

19. The Plaintiff's termination was in direct interference with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled.

## FOR A FIRST CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Interference

20. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

21. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

22. Defendants' discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is retaliation and a violation of her rights under said statute(s).

23. By promptly terminating the Plaintiff, the Defendants failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

24. The Defendants' actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

25. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendants, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for bringing this action.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

26. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

27. Defendants' discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute.

28. The aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*).

29. The Defendants' actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

30. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendants, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for bringing this action.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendants for back pay to be doubled she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to her former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
t: (843) 553-9800

North Charleston, South Carolina
October 9, 2025.