IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Lisa M. Rivens, | ) | Case No.: 4:25-cv-12883-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina and Horry County Department of Social Services, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Kaymani D. West (DE 9), issued under 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report

concerns Defendant State of South Carolina's Motion to Dismiss (DE 7) and

recommends granting the motion.[1] (DE 9.)

## A.     Background

Plaintiff Lisa M. Rivens ("Plaintiff") alleges that she began working for

Defendants in June 2019 as a Family Preservation Case Manager. (DE 1 ¶ 13.)

Plaintiff alleges that after suffering a torn meniscus in an automobile accident, she

applied for FMLA leave in November 2023 and later required intermittent leave. (*Id.*

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

¶¶ 14–16.) Plaintiff alleges that her employment was terminated on May 21, 2024, purportedly for forwarding work emails to her personal email, which Plaintiff alleges was a pretext for interference with, and retaliation for, her exercise of rights under the FMLA. (*Id*. ¶ 18.)

On October 9, 2025, Plaintiff sued the State of South Carolina and Horry County Department of Social Services, asserting claims for interference and retaliation under the Family and Medical Leave Act. (DE 1.) On November 4, 2025, the State of South Carolina moved to dismiss Plaintiff's claims against it under the Eleventh Amendment, among other reasons. (DE 7.)

**B.    Report and Recommendation**

On February 5, 2026, the Magistrate Judge issued a Report recommending that the State of South Carolina's Motion to Dismiss (DE 7) be granted and that all claims against it be dismissed. (DE 9.) The Report found that Plaintiff failed to respond to Defendant's motion to dismiss, and therefore, she appears to have abandoned her claim. The Report also found that the State of South Carolina has raised a meritorious Eleventh Amendment defense that bars the relief sought against it. (DE 9 at 2.) Accordingly, the Report recommends that this action be dismissed against the State of South Carolina, without prejudice, for lack of subject-matter jurisdiction and for failure to prosecute.

**C.    Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted

by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.    Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

### E.    Conclusion

Accordingly, after a careful and thorough review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 9) in its entirety and incorporates it by reference.

It is, therefore, ORDERED that Defendant State of South Carolina's Motion to Dismiss (DE 7) is GRANTED. The State of South Carolina is dismissed without prejudice for lack of subject-matter jurisdiction and for failure to prosecute.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 17, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.